# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | Case No. 19-05160 |
| Community Nursing & Rehabilitation | ) | |
| Center, LLC | ) | |
| | ) | Judge Janet S. Baer |
| Debtor. | ) | Room 240 |
| | ) | |
| Frank J. Kokoszka, in his capacity as | ) | Adversary Proceeding No. 20-00333 |
| Trustee for the Estate of Community | ) | |
| Nursing & Rehablitation enter, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Malka Mermelstein, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO ADVERSARY COMPLAINT

**NOW COMES** Defendant, Malka Mermelstien ("Defendant"), by her attorneys, Ariel Weissberg, // and the law offices of Weissberg and Associations, Ltd., and as Defendant's *Answer to Adversary Complaint*, states as follows:

### Parties, Jurisdiction And Venue

1.     Frank J. Kokoszka, the Plaintiff, is the Trustee for the Estate of Community Nursing & Rehabilitation Center, LLC ("CNRC").

**ANSWER**:     **Mermelstein admits the allegations contained in this paragraph of the Complaint.**

2.     CNRC filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this judicial district on February 27, 2019 ("Petition Date"). It is pending as Case No. 19-05160.

1

**ANSWER**:    **Mermelstein admits the allegations contained in this paragraph of the Complaint.**

3.    Malka Mermelstein ("Mermelstein"), the Defendant, is a member of CNRC and resides in Chicago, Illinois.

**ANSWER**:    **Mermelstein admits that Mermelstein is a member of CNRC but denies that she is a resident of Illinois.**

4.    Plaintiff brings this action to recover a debt that Mermelstein owed to CNRC as of the Petition Date.

**ANSWER**:    **Mermelstein denies that she is indebted to the bankruptcy estate of CNRC, but admits the balance of the allegations contained in this paragraph of the Complaint.**

5.    The Trustee brings this Adversary Complaint pursuant to Part VII of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

**ANSWER**:    **Mermelstein admits the allegations contained in this paragraph of the Complaint.**

6.    This Court has subject matter jurisdiction over Plaintiff's claims for relief pursuant to 28 U.S.C. 1334(b) as a matter related to a case under title 11, and 28 U.S.C. 157(a).

**ANSWER**:    **Mermelstein admits the allegations contained in this paragraph of the Complaint.**

7.    This Court may hear the Plaintiff's claims for relief in this adversary proceeding and enter such orders, findings and conclusions as are permitted under 28 U.S.C. §157(c).

**ANSWER**:    **Mermelstein admits the allegations contained in this paragraph of the Complaint.**

8.    Pursuant to Bankruptcy Rule 7008, Plaintiff consents to the entry of final orders or judgment by the bankruptcy court for all of his claims for relief.

**ANSWER**: **Mermelstein admits the allegations contained in this paragraph of the Complaint.**

9. Venue is proper in this district pursuant to 28 U.S.C. 1409 because the underlying Chapter 7 case pending in this district and Mermelstein resides in this district.

**ANSWER**: **Mermelstein admits the allegations contained in this paragraph of the Complaint.**

## Basis of Relief

10. From 2009 through 2016, CNRC made payments to Marmelstein in various amounts. As of December 31, 2016, those payments totaled $464,278.00 ("Marmelstein Payments").

**ANSWER**: **Mermelstein admits the allegations contained in this paragraph of the Complaint.**

11. CNRC treated the Marmelstein Payments as loans extended by it to Marmelstein. This is reflected in CNRC's federal U.S. Return of Partnership Income, Form 1065, filed in each year from 2015 through 2018. In each of those returns CNRC included the loan repayment due from Marmelstein as one of CNRC's assets.

**ANSWER**: **Mermelstein, having an insufficient knowledge or information to form a belief as to the truth of this averment in this paragraph of the Complaint, neither admits nor denies the allegations of this paragraph of the Complaint, and demands strict proof thereof.**

12. As of December 31, 2018, CNRC calculated that the total amount due from Marmelstein, based upon the principal amount of the Marmelstein Payments and accrued interest, as calculated by CNRC's outside accountants, was $485,121.00. This indebtedness was included as an asset of CNRC on Schedule L, line 13 of its 2018 U.S. Return of Partnership Income, Form 1065.

**ANSWER**: **Mermelstein, having an insufficient knowledge or information to form a belief as to the truth of this averment in this paragraph of the Complaint, neither admits nor denies the allegations of this paragraph of the Complaint, and demands strict proof thereof.**

Document      Page 4 of 5

13. Each of the U.S. Returns of Partnership Income, Form 1065, for 2015 through 2018 was prepared by or under the supervision of Christine A Hanover of RMS US LLP and approved by Mark Weldler as CNRC's Tax Matters Partner.

**ANSWER**: **Mermelstein, having an insufficient knowledge or information to form a belief as to the truth of this averment in this paragraph of the Complaint, neither admits nor denies the allegations of this paragraph of the Complaint, and demands strict proof thereof.**

14. Interest has continued to accrue after December 31, 2018 on the indebtedness owed by Mermelstein to CNRC.

**ANSWER**: **Mermelstein denies the allegations contained in this paragraph of the Complaint.**

15. The debt due from Mermelstein to CNRC is property of CNRC's bankruptcy estate within the meaning of Section 541(a) of the Bankruptcy Code (11 U.S.C. §541(a)).

**ANSWER**: **Mermelstein denies the allegations contained in this paragraph of the Complaint.**

16. The Plaintiff has the authority to collect the indebtedness due from Mermelstein pursuant to Section 704(a) of the Bankruptcy Code (11 U.S.C. §704(a)).

**ANSWER**: **Mermelstein denies the allegations contained in this paragraph of the Complaint.**

17. On June 22, 2020, the Plaintiff made formal written demand upon Mermelstein to repay her indebtedness to CNRC. She has refused to do so.

**ANSWER**: **Mermelstein admits that the Chapter 7 Trustee made a written demand upon her, and that Mermelstein refused to pay any sums to the Chapter 7 Trustee. Mermelstein denies that she is indebted to the bankruptcy estate of CNRC.**

WHEREFORE, Defendant, Malka Mermelstein, prays that this Court enter an Order dismissing the instant adversary proceeding against her; and for such other and further relief as this Court deems just and proper.

**MALKA MERMELSTEIN,** Defendant

By**:**   /s/ Ariel Weissberg
One of her attorneys

Ariel Weissberg, Esq. (No. 03125591)
Christopher V. Langone Esq. (No. 6211105)
Weissberg and Associates, Ltd.
564 W. Randolph St., 2nd Floor
Chicago, IL  60661
T. 312-663-0004
Email: ariel@weissberglaw.com
Email: chris@weissberglaw.com

## CERTIFICATE OF SERVICE

I, Ariel Weissberg, certify that on October 6, 2020, I caused **ANSWER TO ADVERSARY COMPLAINT** to be filed electronically.  Notice of these filings was sent by the court's ECF electronic transmission to the following parties:

Abraham Brustein, Esq.
Derek D. Samz, Esq.
DiMonte & Lizak, LLC
216 West Higgins Road
Park Ridge, Illinois 60068
Email: abrustein@dimontelaw.com
Email: dsamz@dimontelaw.com

Frank J. Kokoszka, Esq.
Kokoszka & Janczur, P.C.
19 South LaSalle Street, Suite 1201
Chicago, Illinois 60603-1419
Email: fkokoszka@k-jlaw.com


                /s/ Ariel Weissberg
                   Ariel Weissberg